UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK KEVIN DRAY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-0456RSL<br><br>ORDER AFFIRMING COMMISSIONER'S DECISION AND DISMISSING CASE |

Plaintiff Patrick Kevin Dray appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old man with a college education. Administrative Record ("AR") at 230, 234. His past work experience was as a fast food worker, teacher's aide, and teacher. AR at 234. Plaintiff was last gainfully employed in June of 2004. AR at 233.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 1

Plaintiff protectively filed an application for SSI on November 2, 2012. AR at 30. Plaintiff asserted that he was disabled due to depression, anxiety, and hypothyroidism. AR at 233.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 30. Plaintiff requested a hearing, which took place on July 18, 2014. Id. On August 11, 2014, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on the finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 30-43. Plaintiff's request for review by the Appeals Council was denied on January 29, 2016 (AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On April 4, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 2

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III.   EVALUATING DISABILITY

As the claimant, Mr. Dray bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV.   DECISION BELOW

On August 11, 2014, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since November 2, 2012, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: depression, hypertension, obesity, and sleep apnea (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

|   |   |
|---|---|
|   | listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). |
| 4. | The claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 416.967(c) except he can occasionally lift and carry fifty pounds and can frequently lift and carry twenty-five pounds. He can stand and walk with usual breaks for about six hours out of an eight-hour workday. He can sit with usual breaks for about six hours out of an eight-hour workday. He can push and pull, including operation of hand and foot controls, an unlimited amount other than as specified for lifting and carrying. He has no postural, manipulative, visual, or communication limitations. He should avoid concentrated exposure to fumes, odors, dusts, gasses, and poor ventilation; i.e., work in an air-conditioned environment. He should avoid concentrated exposure to hazardous machinery or working at unprotected heights. He can adequately perform the mental activities as generally required by competitive remunerative work as follows: he can perform simple, routine tasks involving short, simple instructions. He can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period of less than 30 days. He can respond appropriately to supervision and co-workers, and can deal with the occasional changes in the work environment that require only occasional exposure to or interaction with the general public. |
| 5. | The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965). |
| 6. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). |

AR at 32-43.

## V.     ISSUE ON APPEAL

The issue on appeal is whether the ALJ properly evaluated the medical evidence. Dkt. 9 at 1.

## VI.     DISCUSSION

Plaintiff argues that the ALJ erred in the analysis of the opinions of multiple medical professionals in the record. See Dkt. 19 at 3-17. The ALJ is responsible for determining

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE  - 5

credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

    A.    Examining Psychologist – Carl Epp, Ph.D.

Plaintiff argues that the ALJ erred in evaluating the opinion of examining psychologist Carl Epp, Ph.D. See Dkt. 9 at 3-5. The Court finds no harmful error.

Dr. Epp examined plaintiff on January 30, 2012, and opined that his concentration was severely impaired, his abstract thinking was moderately impaired, and his insight and judgment were markedly to severely impaired. See AR at 316-17. The ALJ gave this opinion little weight for several reasons, including that the opinion lacked specificity because Dr. Epp did

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 6

not provide a full functional assessment. See AR at 40-41. The RFC assessed by the ALJ limited plaintiff to simple, routine tasks with short, simple instructions and that need little to no judgment. See AR at 35. Dr. Epp did not opine to, nor does plaintiff identify, any specific limitations not incorporated into the RFC. See AR at 316-17; Dkt. 9 at 3-5. A plaintiff has the burden of establishing that an alleged error resulted in actual harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). Because plaintiff does not show that the RFC is insufficient in any way due to the ALJ's evaluation of Dr. Epp, plaintiff establishes no harmful error.

      B.      Examining Psychologist – Cassandra Clark, Ph.D.

Plaintiff argues that the ALJ improperly evaluated the opinion of examining psychologist Cassandra Clark, Ph.D. See Dkt. 9 at 6-10. The Court disagrees.

Dr. Clark examined plaintiff on August 14, 2012, and opined that he had marked limitations in his ability to communicate and perform effectively in a work setting and complete a normal workday and workweek without interruptions from psychologically-based symptoms. See AR at 287. The ALJ only gave this opinion some weight for several reasons, including that Dr. Clark opined that the limitations were only expected to last up to nine months, which does not meet the durational requirement of the regulations. See AR at 40.

An impairment and any work-related limitations stemming from the impairment must last or be expected to last for 12 months to be disabling under the regulations. See 42 U.S.C. § 423(d)(1)(A); Barnhart v. Walton, 535 U.S. 212, 217-22 (2002). Here, Dr. Clark specifically opined that she expected the duration of plaintiff's impairment to be between six and nine months. See AR at 288. Plaintiff argues that the limited duration to which Dr. Clark opined

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE  - 7

does not detract from her opinion because other mental health providers opined to similar limitations years later. See Dkt. 9 at 7. However, as described below, the ALJ provided sufficient reasons to discount the opinions of those providers. See infra, VI.C., D. Therefore, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount Dr. Clark's opinion.

C.   Examining Psychologist – Sylvia Thorpe, Ph.D.

Plaintiff argues that the ALJ improperly evaluated the opinion of examining psychologist Sylvia Thorpe, Ph.D. See Dkt. 9 at 11-15. The Court disagrees.

Dr. Thorpe examined plaintiff on June 13, 2014, and opined that he had a severe limitation in his ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and marked limitations in his ability to be aware of normal hazards, ask simple questions and request assistance, communicate and perform effectively in a work setting, and set realistic goals and plan independently. See AR at 531. The ALJ gave this opinion little weight for several reasons, including that the limitations to which Dr. Thorpe opined were inconsistent with plaintiff's daily activities. See AR at 41.

An ALJ may reject a physician's opinion of functional limitations where other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that opinion. See Morgan, 169 F.3d at 601-02. As noted by the ALJ, plaintiff spent a typical day spending time with his partner, going to appointments, running errands, and doing chores around the house. See AR at 33, 216, 529-30. He could leave the house and complete tasks without assistance from others, driving or using public transportation to go shopping or get to the library, where he took surveys to earn points toward gift cards. See AR at 218, 286. He also spent time with others on a daily basis. See AR at 220. Therefore, substantial evidence

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 8

supports the ALJ's finding that Dr. Thorpe's limitations were contradicted by plaintiff's activities.

### D. Treating Psychiatrist – Jeffrey Nelson, M.D.

Plaintiff argues that the ALJ improperly evaluated the opinion of treating psychiatrist Jeffrey Nelson, M.D. See Dkt. 9 at 15-17. The Court disagrees.

Dr. Nelson opined on July 9, 2014, that plaintiff had marked limitations in several mental abilities needed to do unskilled work and was ultimately incapable of even low-stress work because he would be off-task 25% or more of the workday and would miss more than four days per month due to his impairments. See AR at 319-20. The ALJ gave this opinion little weight for several reasons, including that the limitations to which Dr. Nelson opined were inconsistent with plaintiff's daily activities. See AR at 41. For the same reasons discussed above, substantial evidence supports the ALJ's finding of inconsistency between Dr. Nelson's opinion and plaintiff's activities. See supra, VI.C. The ALJ provided a specific and legitimate reason to discount Dr. Nelson's opinion and did not err here.

### VII. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 9th day of September, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge